**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1907

MARGARET SICILIANI,

Plaintiff, Appellee,

v.

RAYMOND POPSIE,
a/k/a RAYMOND F. POPSIE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Boudin, Chief Judge,

Selya and Lynch, Circuit Judges.

John S. Campbell with whom Campbell & Associates, P.A. was on brief for appellant.
Patrick J. Mellor with whom Perkins Olson, P.A. was on brief for appellee.

March 8, 2005

**Per Curiam**.  In April 2003, Margaret Siciliani brought suit against Raymond Popsie and his employer, claiming that Popsie had made sexual advances and assaulted her in his office on September 13, 2002.  In April 2004, after a two-day trial in Maine's federal district court, a jury returned a verdict for Siciliani on her assault and battery claim, awarding her $23,796 in compensatory damages--later reduced to $5,796 plus costs to account for a settlement with Popsie's employer–but no punitive damages.

Popsie appeals, claiming that the evidence established "no rational connection" between the assault and Siciliani's loss of employment; that the district court erroneously excluded testimony about the events leading to Siciliani's termination from her job following the assault; and that one juror's prior experience with assault was ill-addressed by the district court and tainted the jury verdict.  Popsie argues that these errors--alone or in combination--merit judgment as a matter of law on Siciliani's claim for lost wages and a new trial on her remaining claims.

Popsie has forfeited his challenge to the connection between Siciliani's assault and her subsequent loss of employment.  Popsie's trial counsel moved for a directed verdict at the close of Siciliani's case based on the indeterminate <u>amount</u> of her lost wages, but made no mention of the theory now advanced on appeal-- namely, that the connection between Siciliani's assault and her subsequent loss of employment was insufficiently proven.  The

motion was renewed neither at the close of the evidence nor after the jury's verdict.  See Fed. R. Civ. P. 50.

The situation presented here is not the rare "miscarriage of justice" that would induce us to address a claim otherwise forfeited in the district court.  Correa v. Hosp. S.F., 69 F.3d 1184, 1196 (1st Cir. 1995).  Siciliani produced ample evidence of both her assault and the effect of the assault on her subsequent job performance, as well as sufficient testimony to document the effect of her job loss on future income.  The resulting damages award was moderate.  The mere fact that the jury might have based that award on future lost wages that were more tenuously supported--a possibility that Popsie suggests but cannot prove due to the jury's general verdict[1]--does not, without more, provide sufficient reason to address Popsie's claim of error when it was not raised below.

Popsie's challenge to the alleged restrictions placed on defense testimony meets a similar fate.  He complains of the district court's unwillingness to permit evidence of Siciliani's difficulties at work after September 13, 2002.  In particular, he points to four objections to Popsie's direct examination of Siciliani's human resources manager, three of which were sustained

---

[1]The general verdict prevents Popsie from showing what part if any of the jury's award was for future (as opposed to past) lost income, and also prevents him from ascertaining whether a portion or all of the award was for Siciliani's emotional distress.

by the court and the fourth of which prompted defense counsel to rephrase.

Whether much can be made of these objections in the first place is unclear (at least two can be read simply as requests for clarification), but in any event Popsie's counsel failed to make an offer of proof as to the testimony allegedly excluded and our review is thus for plain error. See Fed. R. Evid. 103(a)(2); see also O'Rourke v. City of Providence, 235 F.3d 713, 735 (1st Cir. 2001). Again, we see no miscarriage of justice sufficient to merit disturbing the trial court's ruling.

Popsie's complaint of juror taint also fails. During voir dire, potential jurors were asked whether they or someone close to them had ever had an experience involving assault or sexual assault. During deliberations, the jury suggested that one juror should speak with the district judge regarding possible prior experiences. The judge conducted an inquiry in the presence of both lawyers; the juror stated that "perception is everything," but further said that she believed she had answered the voir dire question properly and that neither she nor any of her immediate family members or friends had been involved in an assault or sexual assault of the type alleged by Siciliani. Asked whether she felt she could deliberate fairly and impartially, her unequivocal response was "absolutely."

We see no error whatever. The district judge conducted an inquiry to respond to the possibility that the juror had inaccurately answered a question on voir dire or might be biased. The juror's responses gave no cause for further concern. Popsie presents no evidence that the juror had answered the voir dire questions inaccurately. The court was under no obligation to go further.

Affirmed.